IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-01212-LTB-PAC

JACK J. GRYNBERG,
GRYNBERG PRODUCTION CORPORATION and its successors,
GRYNBERG PETROLEUM COMPANY and its successors,

      Plaintiff(s),

v.

SHELL EXPLORATION B.V. and
SHELL INTERNATIONAL EXPLORATION AND PRODUCTION B.V. f.k.a.
SHELL INTERNATIONAL PETROLEUM MAATSCHAPPIJ B.V.,

      Defendant(s).

_____

**ORDER** Granting in Part and Denying in Part Motion to Amend Scheduling Order
_____

**Patricia A. Coan, Magistrate Judge**

Plaintiffs allege unjust enrichment and breach of fiduciary duty against all defendants.  This case was referred to the undersigned for pretrial case management on December 6, 2004.  The initial scheduling order entered on March 4, 2005. setting a discovery deadline ten months later.  See March 4, 2005 Scheduling Order at 5.  The deadlines set in the Scheduling Order were later extended.  See October 19 and November 7, 2005 Orders, Docs. ## 87 and 92.  The dispositive motions deadline is now March 10, 2006, see Doc. # 87, and the discovery deadline has been extended to March 15, 2006 for the purpose of completing expert discovery. See Doc. # 92.  Counsel have been warned that further extensions of the deadlines would not be granted.  See

03-cv-01212-LTB-PAC
January 11, 2006

Scheduling Order at 5; Doc. # 87.

I.

The parties now move for a second extension of the Scheduling Order's deadlines and to vacate the trial date.[1] As grounds for their motion to extend the discovery deadline for four months and the dispositive motions deadline for five months, counsel state that Mr. Grynberg's deposition was not completed until December 22, 2005 due to several postponements; that because of that delayed deposition and the holidays, experts had not yet examined the Grynberg deposition; that several depositions in the Netherlands needed to be scheduled and completed; that plaintiff's counsel, Connie Peterson, has retired from the practice of law and new counsel needs time to become familiar with the case; and finally that plaintiffs have asserted similar claims against another company in another case in this District Court and that the settlement of that case could affect settlement discussions in this case. Counsel ask that the trial date be reset for early 2007. Counsel do not cite any authority for their position.

II.

Good cause is required to amend a scheduling order under Rule 16(b), Fed. R.

---

[1] The parties previously asked twice for a continuance of the July 10, 2006 trial date, which requests were deferred to the Chief Judge due to the magistrate judge's lack of authority to alter the chief trial judge's trial date. See Doc. # 87 at 2, Doc. # 92. The trial date remains set for July 10, 2006.

03-cv-01212-LTB-PAC
January 11, 2006

Civ. P. The "good cause" required includes a showing that the party seeking the extension was diligent in its discovery efforts yet could not complete discovery by the court-ordered deadline. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990); *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668-69 (D.Colo.2001)("[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief"). *Id.* (quotation omitted); *Hannah v. Roadway Exp., Inc.*, 200 F.R.D. 651, 653 (D.Colo.2001).

> As another magistrate judge on this Court has explained,
>
> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.' Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Pumpco*, 204 F.R.D. at 668 (internal citations omitted)

Here, a ten month discovery period was established in the March 4, 2005 Scheduling Order. In October of 2005, deadlines were further extended. Counsel were advised in March and again in October 2005 that the deadlines would not be extended further. Notwithstanding the good cause requirement and the warnings that deadlines would not be further extended, counsel have not given any explanation for their inability to complete Mr. Grynberg's deposition until December 22, 2005, and their inability to

03-cv-01212-LTB-PAC
January 11, 2006

take the Netherlands depositions within the discovery deadline. Therefore, under the facts presented here, counsel have not demonstrated a diligent effort to complete discovery within the time allotted, so that there motion should be denied.

I further find that new counsel on a case does not constitute "good cause" under Rule 16(b), Fed. R. Civ. P. Just because a lawyer is new to a case does not automatically mean that there is good cause for the extension of previously set deadlines. *See Marcin Engineering, L.L.C. v. The Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo. 2003)("[t]hat new counsel is dissatisfied with the state of the case [he] inherited is not grounds under this authority for reopening discovery long after the court-ordered deadlines have passed").

Finally, while settlement discussions may be occurring in another case plaintiffs filed with similar claims, without more information, that fact has no bearing on the course of discovery or settlement in this case.

III.

Accordingly, for the reasons stated, it is hereby

**ORDERED** that the parties' Joint Motion to Modify Scheduling Order, Doc. #99, filed January 5, 2006, is **granted in part** and **denied in part**. It is further

**ORDERED** that, because it would be unfair to require defendants to produce Rule 26(a)(2) information by the current deadline of Monday, January 16, 2006, the

03-cv-01212-LTB-PAC
January 11, 2006

defendants' Rule 26(a)(2) deadline is extended to **February 6, 2006** and plaintiffs' rebuttal Rule 26(a)(2) information deadline is extended to **February 24, 2006**.  Expert depositions will be completed by **March 16, 2006**.  It is further

    **ORDERED** that any other relief sought in the parties' Joint Motion to Modify Scheduling Order, Doc. #99, filed January 5, 2006, is **denied**.

    Further, counsel are advised that the magistrate judge does not have authority to alter the chief trial judge's trial date, so that the Motion to Reset Trial Date, Doc. #99 is deferred to the Chief Judge.

    Dated January 11, 2006.

                                                    By the Court:
                                                  s/Patricia A. Coan
                                                  Patricia A. Coan
                                                  Magistrate Judge