IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01212-LTB-PAC

JACK J. GRYNBERG,
GRYNBERG PRODUCTION CORPORATION and its successors,
GRYNBERG PETROLEUM COMPANY and its successors,

    Plaintiff(s),

v.

SHELL EXPLORATION B.V. and
SHELL INTERNATIONAL EXPLORATION AND PRODUCTION B.V. f.k.a.
SHELL INTERNATIONAL PETROLEUM MAATSCHAPPIJ B.V.,

    Defendant(s).

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

    IT IS HEREBY **ORDERED** that the Amended Motion for Agreed Protective Order dated January 20, 2006 (doc. 105) is Granted. The attached Protective Order is made an Order of the Court on this date.

Dated: February 22, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 03-cv-1212-LTB-PAC

JACK J. GRYNBERG,
GRYNBERG PRODUCTION CORPORATION and Its Successors,
and GRYNBERG PETROLEUM COMPANY and Its Successors

    Plaintiffs

vs.

SHELL EXPLORATION B.V., and
SHELL INTERNATIONAL EXPLORATION AND PRODUCTION B.V. f.ka.
SHELL INTERNATIONAL PETROLEUM MAATSCHAPPIJ B.V.,

    Defendants.

## AMENDED AGREED PROTECTIVE ORDER

The parties hereby submit this Agreed Protective Order under which certain discovery may be accomplished. Upon showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED THAT:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

1

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. Rule 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. All Confidential Information produced or exchanged in the course of this lawsuit shall be used solely for the purpose of preparation and trial of this case, and shall not be used for any business, commercial, competitive, or any other purposes whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

4. "Confidential Information," as used herein, means internal reports, financial information, reserve reports and valuations, trade secrets, or any other confidential information, provided such information is designated as "CONFIDENTIAL" by any of the supplying entities or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. In designating information as "CONFIDENTIAL," a party will make such designation only as to that information which it in good faith believes contains confidential information.

5. Documents, materials, and/or information designated CONFIDENTIAL (collectively "Confidential Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to Qualified Persons as defined below.

6. "Qualified Persons," who shall have access to Confidential Information, are defined as follows:

   a. Actual, retained consulting or testifying expert witnesses (to the extent such disclosure is necessary for consultation, preparation of opinions, trial, or other proceedings

in this case) designated by written notice to all counsel at least ten days prior to any disclosure to them and who have agreed to be bound by this Order and who have signed the document (Exhibit "A") attached hereto, which signed document will be immediately forwarded to all counsel by the attorney having designated such person;

        b.     Attorneys of record for a party and the attorneys and employees of their respective law firms, and the attorneys and employees of associated law firms, who are actively engaged in representation in this case, and it is understood that plaintiff's companies (Grynberg Production Corporation and Grynberg Petroleum Company and their successors) are not law firms for the purposes of this Order;

        c.     In-house corporate officers and employees of Shell whom counsel for Shell deems helpful to prepare the case;

        d.     Former employees of Shell or its predecessors or affiliates or subsidiaries who are being deposed or otherwise giving testimony in this case, if a predicate has first been established on the record that the witness has knowledge or information which is germane or relevant to specific Confidential Information. As to these former employees, Counsel for Shell and Grynberg shall make reasonable effort, within a reasonable time prior to said former-employee's deposition, to request that the deponent agree to be bound by this Order and to sign Exhibit A. If the deponent so agrees, his or her affirmation of this Order shall be made on the deposition record and the signed Exhibit A shall be made an exhibit to the deposition. At least seven calendar days prior to the deposition of a former employee, Grynberg's counsel shall provide Shell's counsel with a list of the probable documents or exhibits intended to be used at said deposition if the proper predicate is established, specifying the witness' name, address and

-3-

telephone number and the bates numbers of particular documents proposed to be disclosed. If Shell files objections to disclosure of any listed documents, pursuant to D.C.COLO.LCivR 30.2, these documents shall not be disclosed to the witness pending ruling from the Court. Grynberg's counsel may seek to use other documents or exhibits at said deposition by first displaying said document or exhibit to Shell's counsel. Shell's counsel may then object to the use of particular documents with that specific witness and represent that Shell will file a motion for protective order, which shall cause the questioning of that witness with regard to that document to be suspended, pursuant to D.C.COLO.LCivR 30.2, subject to D.C.COLO.LCivR 30.3(A)(4) and 30.3(D) and taking into consideration whether the document in question was adequately disclosed at least seven days prior to the deposition.

    e. Court personnel as necessary, provided that the Confidential Information may be presented by any party to the Court only in camera or filed under seal;

    f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. Professional translators as necessary to translate any foreign language based on Confidential Information into the English language, but only after such translators have been designated by written notice to all counsel at least ten days prior to any disclosure to them and who have agreed to be bound by this Order and who have signed a copy of Exhibit A attached hereto, which signed document will be immediately forwarded to all counsel. Translators shall promptly return all Confidential Information provided to them promptly after translation.

    h. Jack J. Grynberg, one of the plaintiffs, is a Qualified Person if he agrees to be bound by this Order and provides to counsel for Shell the original signed document (Exhibit "A"), attached hereto, at least five days prior to disclosure of any Confidential Information to him;

    i. Roger A. Jatko, one of plaintiffs' attorneys, is a Qualified Person;

    j. Any other person may be designated as a Qualified Person only by order of this Court, after notice to all parties and an opportunity to be heard, or by agreement signed by counsel for all parties; and

    k. Any party may object to the disclosure of Confidential Information to persons defined in Section 6(a) above by notifying all parties to the lawsuit within five days after receiving the notice set forth in 6(a) above. If such written objection is made, no disclosure shall be made to such person pending further order of this Court.

    7. Confidential Information produced by Shell to plaintiffs shall be held, kept, and maintained by counsel for plaintiffs only in the offices of The Law Firm of Michael S. Porter, counsel for plaintiffs, and may be disclosed to, inspected, or reviewed by Qualified Persons only in the offices of Michael S. Porter.

    Copies or reproductions in any form of Confidential Information shall be made only as necessary for preparation and trial of this case, and the copying party shall provide written notice to opposing counsel prior to making any copies or reproduction in any form, and the copying party shall keep a log of all such copies or reproductions in any form. Such copies or reproductions may be provided to retained, consulting or actual testifying expert witnesses only as necessary for such expert witnesses' work in this case. Copies may also be provided to court

personnel, stenographic reporters, or professional translators, only as necessary for their work in this case. The log of all copies and reproductions shall specify what materials were copied, the number of copies made and the date, and to whom such copies were given and the date, and the cumulative log shall be updated and provided to opposing counsel at least five days in advance of making any such copies. None of the persons to whom this paragraph permits a party's attorney to provide copies or reproduction of Confidential Information shall themselves be permitted to copy or reproduce any of the Confidential Information provided to them.

8. Documents produced pursuant to this Order in this action may be designated by the producing party "Confidential Information" by marking the first page of the document(s) or media containing the information so designated with a stamp stating "CONFIDENTIAL." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection. Inspected documents shall be treated as "CONFIDENTIAL" during inspection.

9. Other than as permitted in and regulated by paragraph 7, the party receiving information designated as "CONFIDENTIAL" and all Qualified Persons having access to Confidential Information shall not copy, photograph, record, or reproduce in any manner any document or information that is designated "CONFIDENTIAL." The receiving party is permitted to possess only the produced copy of Confidential Information. Other than as described in paragraph 7, the plaintiffs' Qualified Persons will be permitted access to it only by inspecting that copy in the offices of Michael S. Porter.

10. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

11. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof may be designated as CONFIDENTIAL and if so designated shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. Responses to written discovery may be designated "CONFIDENTIAL" by so labeling each response.

14. Nothing herein shall prevent disclosure of Confidential Information beyond the terms of this Order if each entity so designating the information consents in writing to such disclosure or, if the Court, after notice to all affected parties, orders such disclosure. This Agreed Protective Order shall not prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any Qualified Person. Confidential Information shall not be revealed in any deposition in which the witness is not a Qualified Person.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

16. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to Confidential Information shall be subject to the provisions of this Order. If any party desires to offer Confidential Information into evidence or to attach it to any pleading or to file it or otherwise present it to the Court, the Confidential Information shall be filed or presented to the Court under seal pursuant to D.C.COLO.LCivR 7.2 and 7.3.

17. Within sixty (60) days after conclusion of this litigation, including any appeal thereof, all documents (including all copies, notes, reports, reproductions, or any tangible or electronic materials or media which contain Confidential Information) including Confidential Information produced by any party hereto shall be returned to counsel for the producing party, except to the extent that the producing party agrees otherwise in writing or as this Court may otherwise order. As far as the provisions of any protective orders entered in this action restrict

the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective order.

18. Any party designating any person as a Qualified Person shall have the duty to ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for failure of any such person to observe the terms of this Protective Order.

19. Information previously produced by and between the parties in this litigation is subject to the terms and conditions hereof.

20. The parties hereto and their Qualified Persons are not permitted to produce or reveal any information designated CONFIDENTIAL in discovery in any other case.

21. Any breach of this Order, including any misuse of Confidential Information, improper dissemination of Confidential Information, or copying or reproducing of Confidential Information by the receiving party or its Qualified Persons, shall be a contempt of Court and the breaching party shall be liable to the producing party for damages and sanctions and may be held in contempt.

DATED this 20th day of January, 2006

AGREED TO FORM:

| BAKER & McKENZIE | GRYNBERG PETROLEUM COMPANY |
|---|---|
| By: s/Graham Kerin Blair<br>Graham Kerin Blair<br>David A. Brakebill<br>Baker & McKenzie<br>Pennzoil Place<br>711 Louisiana, Suite 3400<br>Houston, TX 77002-2716<br>Telephone: (713) 427-5013<br>Fax: (713) 427-5099<br><br>John F. Shepherd, P.C.<br>Holland & Hart LLP<br>DC Box 6<br>555 17th Street, Suite 3200<br>Post Office Box 8749<br>Denver, CO 80201<br>Telephone: (303) 295-8309<br>Fax: (303) 295-8261<br><br>**ATTORNEYS FOR THE DEFENDANTS** | By: s/Roger A. Jatko<br>Roger A. Jatko, Esq.<br>Linda A. Battalora, Esq.<br>Grynberg Petroleum Company<br>5299 DTC Boulevard<br>Prentice Point, Suite 500<br>Greenwood Village, CO 80111<br>Telephone: (303) 850-7490<br>Fax: (303) 850-7498<br><br>Michael S. Porter, Esq.<br>4465 Kipling Street<br>Wheat Ridge, Colorado 80033<br>Telephone:   (303) 940-8370<br>Fax:   (303) 421-4309<br>E-mail: msporter1@mindspring.com<br><br>**ATTORNEYS FOR THE PLAINTIFFS** |

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

### CIVIL ACTION NO. 03-cv-1212-LTB-PAC

**JACK J. GRYNBERG,**
**GRYNBERG PRODUCTION CORPORATION and Its Successors,**
**and GRYNBERG PETROLEUM COMPANY and Its Successors**

    **Plaintiffs**

vs.

**SHELL EXPLORATION B.V., and**
**SHELL INTERNATIONAL EXPLORATION AND PRODUCTION B.V.**
**SHELL INTERNATIONAL PETROLEUM MAATSCHAPPIJ B.V.,**

    **Defendants.**

### CERTIFICATE OF CONFIDENTIALITY

I hereby acknowledge that I am about to have access to Confidential Information designated as "CONFIDENTIAL" supplied in connection with the captioned litigation. I have received and read a copy of the Protective Order in this case dated _____, 2006, and I agree to be bound by the Protective Order and not to disclose this information except in accordance with the Protective Order.

Dated: _____        _____
                                                           (signature)