IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 03-cv-01212-LTB-PAC

JACK J. GRYNBERG and
GRYNBERG PRODUCTION CORPORATION and its successors, GRYNBERG
PETROLEUM COMPANY and its successors,

      Plaintiffs,

v.

SHELL EXPLORATION B.V., and
SHELL INTERNATIONAL EXPLORATION AND PRODUCTION B.V. f/k/a
SHELL INTERNATIONAL PETROLEUM MAATSCHAPPIJ B.V.,

      Defendants.
_____

ORDER
_____

The plaintiffs move pursuant to Fed. R. Civ. P. 59(e) for alteration or amendment of my June 6, 2006 order, in which I denied their motion for summary judgment and granted the summary judgment of the defendants. They now argue that I should have applied to their claims six-year limitations and laches periods, rather than three-year periods.

Rule 59 is not a mechanism for parties to raise new issues. A party cannot invoke Rule 59(e) to raise arguments or evidence that could and should have been presented during the summary judgment process. *Buell v. Security General Life Ins. Co.*, 784 F. Supp. 1533, 1536 (D. Colo. 1992), *aff'd*, 987 F.2d 1467 (10th Cir. 1993), *cert. denied*, 510 U.S. 916, 114 S. Ct. 308, 126 L. Ed. 2d 255 (1993).

Furthermore, the plaintiffs are simply incorrect to dispute that they agreed with the defendants on this point during consideration of the competing summary judgment motions.

Case 1:03-cv-01212-LTB-PAC   Document 185   Filed 07/20/06   USDC Colorado   Page 2 of 3

Throughout their summary judgment briefs, the plaintiffs referred repeatedly to the "three-year statute of limitations." All of their arguments were predicated upon the application of three-year limitations and laches periods. Indeed, the plaintiffs opened the briefing by filing a motion to strike the defendants' defenses of laches and limitations. On page five of that brief, the plaintiffs began their argument by referring twice to the three-year periods. They stated, "The first Kashagan Field oil discovery was not publicly announced until July 24, 2000, less than three (3) years before July 3, 2003, when this case was filed. It is logically and legally impossible for Plaintiffs' claims to be barred by a three year limitations period or by analogy to such period." In a footnote to the latter reference, the plaintiffs cited Colo. Rev. Stat. § 13-80-101. As if to erase any doubt, the plaintiffs made clear that they had filed the motion "to resolve, at the outset, the potentially troublesome statute of limitations/laches issue."

Numerous additional references to the three-year period appear in the plaintiffs' response to the defendants' motion for summary judgment and in their reply in support of their own motion. For example, on page eight of their response brief, the plaintiffs wrote, "This case was filed on July 3, 2003, within the applicable three-year statute of limitations."

Thus, not only did the plaintiffs never raise the prospect of a six-year limitations or laches period, they gave every express indication that they believed, as the defendants argued, that the three-year period applied. Their recharacterization of their arguments is, at best, disingenuous.

Accordingly, the plaintiffs' motion [177] is DENIED.

Dated: July   19  , 2006, in Denver, Colorado.

                BY THE COURT:

                  s/Lewis T. Babcock
                Lewis T. Babcock, Chief Judge